PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. WILLIAM E. NITCH, | ) | |
| | ) | CASE NO. 4:19CV2490 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| EASTERN GATEWAY COMMUNITY | ) | |
| COLLEGE, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 9] |
| Defendant. | ) | |

Pending is Defendant Eastern Gateway Community College's Motion for Judgment on the Pleadings. ECF No. 9. The matter has been briefed. ECF Nos. 9, 11, and 12. For the reasons explained below, Defendant's Motion is granted.

**I. Introduction**

Plaintiff Dr. William E. Nitch was an adjunct professor at Eastern Gateway Community College. ECF No. 1 at PageID #: 2-3. He filed a prior lawsuit against Defendant based on the same facts as in the present action, alleging Defendant discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA") and state law. *Id.* at PageID #: 1; Case No. 4:18-CV-1749. The parties conducted discovery and Defendant moved for summary judgment. ECF No. 21 in Case No. 4:18-CV-1749. After Defendant filed its dispositive motion, the parties stipulated to a dismissal without prejudice under Fed. R. Civ. P. 41. ECF No. 24 in Case No. 4:18-CV-1749.

(4:19-CV-2490)

Plaintiff then filed the present action, asserting the same claims of age discrimination under the ADEA and state law. Defendant subsequently filed the pending Motion for Judgment on the Pleadings.

## II. Standard

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

2

(4:19-CV-2490)

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570.  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)).  In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie Cty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

### III. Discussion

Defendant argues that Plaintiff's claim should be dismissed because it is time barred. Although Plaintiff filed his first lawsuit within the time frame established under the ADEA, Defendant maintains that Plaintiff's current action is far outside of that time frame.

### A.  ADEA's Statute of Limitations

Under 29 U.S.C. § 626(e), an individual has 90 days from when he receives notice of his right to sue to file an action in federal court.  Plaintiff received his right to sue notice from the

3

(4:19-CV-2490)

Equal Employment Opportunity Commission ("EEOC") in May 2018.  ECF No. 1-2 at PageID #: 9.

Reinstating a case after it has been voluntarily dismissed without prejudice does not toll the statute of limitations for filing a subsequent action.  *See Garrett v. Weyerhauser Co.*, 191 F.3d 452, at *1 (6th Cir. 1999) (unpublished table decision) ("If a plaintiff in possession of a right-to-sue letter files suit within this period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period of Title VII.") (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)); *Fambrough-McCoy v. White Castle Sys., Inc.*, No. 1:17-cv-00019, 2017 WL 3085685, at *2 (S.D. Ohio July 20, 2017); *Parrish v. HBO & Co.*, 85 F. Supp. 2d 792, 795 (S.D. Ohio 1999). Plaintiff refiled the instant case in October 2019, well outside of the 90 days Plaintiff had to file an action.  ECF No. 1.  Because Plaintiff's instant action is outside of the limitations period, it is time barred.

**B. Equitable Tolling**

An untimely claim may be pursued if the Court determines that Plaintiff is entitled to equitable tolling.  *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citations omitted).  Although not exhaustive, the Court considers the following factors to determine whether equitable tolling applies:

> '(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing [his] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.'

4

(4:19-CV-2490)

*Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Jackson v. United States,* 751 F.3d 712, 719 (6th Cir. 2014)).  Not all of these factors will be relevant in every case.  *Id.* The "most significant consideration," however, is whether a plaintiff missed the deadline "due to 'unavoidab[le] ... circumstances beyond that litigant's control.'"  *Id.* (omissions in original). Equitable tolling "should be granted only sparingly."  *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted).  The Court considers the factors below.

### 1. Weighing the Factors

The first two factors—lack of notice and constructive knowledge—are not favorable to Plaintiff because he filed the first action within the statute of limitations.  Additionally, Plaintiff is represented by counsel.  *See Amini*, 259 F.3d at 500-01 (affirming the district court's ruling which found that "because Amini is a lawyer, he should be considered as having both actual and constructive notice of the 300-day filing period.").  Nor does the third factor—Plaintiff's diligence—support equitable tolling, because Plaintiff waited 130 days after dismissing the first case to file the present action.  ECF No. 12 at PageID #: 103.

Regarding the fourth factor—absence of prejudice to the defendant—Defendant suggests that it would be prejudiced because equitable tolling would permit Plaintiff to bring an ADEA claim and seek liquidated damages, which is punitive in nature.  Although the Court is uncertain of the seriousness of the prejudice to Defendant, "this factor alone is not a sufficient basis for allowing equitable tolling relief to the plaintiff."  *See Amini*, 259 F.3d at 501 (citation omitted).

Finally, the Court consider's Plaintiff's reasonableness in remaining ignorant of the legal

5

(4:19-CV-2490)

requirement.  Plaintiff's counsel believed that the Ohio savings statute under Ohio Rev. Code § 2305.19, which permits a party to refile an action one year from when the case was dismissed without prejudice, applied to his ADEA claim.  ECF No. 11-1 at PageID #: 92-93, ¶ 6; ECF No. 11 at PageID #: 81-82.  Plaintiff's counsel was mistaken.  *See Parrish*, 85 F. Supp. 2d at 797 ("It is well established that a state saving statute cannot 'save' a federal claim that is governed by its own statute of limitations.")   Furthermore, "equitable tolling . . . do[es] not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Plaintiff's counsel's erroneous belief is the kind of "excusable neglect" that is insufficient to grant equitable tolling.  *See id.*  Additionally, Plaintiff argues that Defendant's decision to file a dismissal without prejudice was based on Defendant's alleged late discovery production[1], *see* ECF No. 11-1 at PageID #: 92, ¶¶ 4-5.  Plaintiff has not, however, suggested that Defendant "engaged in any misrepresentations or other wrongdoing that caused him to miss the filing deadline." *Amini*, 259 F.3d at 501.

### 2.  Unavoidable Circumstances

Plaintiff has failed to demonstrate that there were unavoidable circumstances beyond his control.  Plaintiff's counsel admits that dismissing the case without prejudice was a strategic decision.  *See* ECF No. 11-1 at PageID #: 92-93, ¶ 6.  "Equitable tolling is not designed to save

---

[1] The parties provide competing accounts of what occurred in the prior suit leading up to the filing of Defendant's summary judgment motion.  *See* ECF No. 12 at PageID #: 98-99; ECF No. 11-1 at PageID #: 91-93, ¶¶ 3-6; ECF No. 11 at PageID #: 78-80.

6

(4:19-CV-2490)

litigants from the foreseeable consequences of their own strategic choices." *Seoane-Vazques v. Ohio State Univ.*, 577 F. App'x 418, 427 (6th Cir. 2014). Plaintiff's reliance on the alleged discovery deficiency and inability to appropriately respond to Defendant's summary judgment motion are not the kind of unavoidable circumstance that warrant equitable tolling. *Cf. Kampfer v. Fifth Third Bank*, No. 3:14-CV-2849, 2016 WL 1110257, at *6-7 (N.D. Ohio, Mar. 22, 2016) (allowing equitable tolling when limitations period for potential FLSA class members to opt in expired while plaintiff's conditional class certification motion was fully briefed and pending before the court). Additionally, Plaintiff's counsel's mistaken belief that he could refile an ADEA claim outside the statute of limitations under Ohio's savings statute does not constitute an extraordinary circumstance. *See Zappone*, 870 F.3d at 559; *cf. Barney v. H.E.L.P. Homeless Serv. Corp.*, No. 19-CV-5959, 2020 WL 1699984, at *4 (S.D.N.Y. Apr. 8, 2020) ("Although Plaintiff's Complaint raises numerous grounds for equitable tolling, such as Plaintiff's difficulty securing counsel and his depression and anxiety . . . the only extraordinary circumstance that Plaintiff raises in his opposing papers is the stabbing attack he suffered."). Notably, the parties' Stipulation of Dismissal with Prejudice in the prior action acknowledged that "Defendant does not waive any defense, whether asserted, accrued, or otherwise, to any future lawsuit filed against Defendant by Plaintiff William E. Nitch." ECF No. 23 in Case No. 4:18-CV-1749.

Against this backdrop, the Court finds that Plaintiff is not entitled to equitable tolling.

**C. Plaintiff's Alternative Argument**

In the alternative, Plaintiff argues that his ADEA claims are governed by a three-year statute of limitations under 29 U.S.C. § 255. Without citing any authority to support his

(4:19-CV-2490)

proposition, Plaintiff alleges that § 626(b) of the ADEA incorporates the three-year statute of

limitations from the Fair Labor Standards Act ("FLSA").  ECF No. 11 at PageID #: 84-88.

Plaintiff's reading suffers from several fatal defects.   First, Plaintiff's suggested reading finds no

support in the text of the statute.  Only limited, specific provisions of the FLSA are cited in 29

U.S.C. § 626(b), and § 626(b) does not reference 29 U.S.C. § 255, which provides the three-year

statute of limitations Plaintiff urges the Court to adopt.  Additionally, it makes little sense to

incorporate a limitations period from a completely different statute when the statute at issue itself

provides a limitations period.  *See* 29 U.S.C. § 626(e).  Finally, the language of § 255 instructs

that § 255 applies only to specific actions; discrimination suits are not covered.  *See* 29 U.S.C. §

255 (limiting the provision's application to "[a]ny action commenced . . . to enforce any cause of

action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under

the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis

Act . . . . ").

### D. State Law Claim

Because the ADEA claim is time barred and therefore dismissed, the Court declines to

exercise supplemental jurisdiction overPlaintiff's state law claims.[2]  *See* 18 U.S.C. § 1367(c)(3).

---

[2] Because the Court declines to exercise jurisdiction overPlaintiff's state-law
claims, it need not decide whether Plaintiff's state law age discrimination claim is barred.
*See* ECF No. 9 at PageID #: 70.

8

(4:19-CV-2490)

## IV. Conclusion

      For the reasons given above, Defendant's Motion is granted.  Plaintiff's federal cause of action is dismissed with prejudice.  The Court declines to exercise jurisdiction over Plaintiff's state law claims.


      IT IS SO ORDERED.


   August 31, 2020                           */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                                   United States District Judge